**No. 1:22-cv-01982-DG**

In The

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Wilmington Savings Fund Society, FSB

Creditor - Appellant,

-v-

Loyce Tamisi

Debtor - Appellee.

On Appeal from the United States Bankruptcy Court

For the Eastern District of New York,

In Re: Loyce Tamisi

Debtor

Bankruptcy No: 1-20-40388-JMM

Judge Jil Mazer-Marino

**BRIEF OF APPELLEE LOYCE TAMISI**

Allan R. Bloomfield, Esq.

Attorney for Debtor, Loyce Tamisi

118-21 Queens Blvd., #617

Forest Hills, New York 11375

(718) 544-0500

allan@bloomfieldlaw.com

September 19 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES …………………………………………….. i

PRELIMINARY STATEMENT ……………………………………… 1

STATEMENT OF ISSUES ………………………………………… 1

STATEMENT OF THE CASE ……………………………………... 2

SUMMARY OF ARGUMENT ……………………………………. 6

I. The Bankruptcy court properly established that Wilmington did not have any standing to enforce their claim for failing to provide a preponderance of evidence sufficient to overcome the debtor's claim objection …………………………………………………….. 7

II. The Bankruptcy court afforded Wilmington due process and properly determined that the lost note affidavit introduced by Wilmington was insufficient as it did not meet or satisfy the requirements of NY U.C.C 3-804 …………………………………………………….. 13

III. The Bankruptcy court properly disallowed and expunged Wilmington's claim under bankruptcy code 502 (b) (1)................................................ 14

IV. The Debtor Is Entitled To Attorney Fees If She Prevails ……………… 17

CONCLUSION …………………………………………………….. 18

**TABLE OF AUTHORITIES**

**Cases**

Bell Atlantic v. Havana Rio Enterprises Inc.,

710 N.Y.S. 2d 751 (Civ. Ct. New York Ct. 2000)................................................... 13

Canal Corp. v. Finnman , 960 F.2d 396, 404 (4th Cir. 1992)............................... 15

Deutsche Bank Natl. Trust Co. v. Anderson,

161 A.D.3d 1043, 1044, 79 N.Y.S.3d 42…………………………………………... 13

In re Abbott, 2010 WL 1780059 (Bankr. S.D.N.Y. 2010).........................................8

In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992))...........................10

In re Arcapita Bank B.S.C.(c), 508 B.R. 814, 817 (S.D.N.Y. 2014)......................10

In re Benyamin, 587 B.R. 243, 244 (Bankr. S.D.N.Y. 2018)...................................7

In re CondeDedonato, 391 B.R. 247 (Bankr. E.D.N.Y. 2008).............................7, 8

In re Devey , 590 B.R. 706, 716 (Bankr. D.S.C. 2018)....................................14, 15

Erin Servs. Co. v. Bohnet  907 N.Y.S.2d 100 (N.Y. Dist. Ct. 2010).......................17

In re Hayes, 393 B.R. 259, 270 (Bankr. D. Mass. 2008).......................................16

In re Henry, 546 B.R. 633, 634 (Bankr. E.D. Pa. 2016).........................................10

In re Jones, 2008 WL 4539486, at *5 (Bankr. D. Mass. Oct. 3, 2008)...................16

In re Kemp, 440 B.R. 624 (Bankr. D.N.J. 2010)....................................................11

In re Lehman Bros. Holdings Inc., 519 B.R. 47, 53 (Bankr. S.D.N.Y. 2014).........10

In re Maisel, 378 B.R. 19, 22 (Bankr. D. Mass. 2007)...........................................16

In re Minbatiwalla, 424 B.R. 104, 111-12 (Bankr. S.D.N.Y. 2010)……………... 10

In re Mins, 438 B.R. 52, 56 (Bankr. E.D.N.Y. 2010)................................................9

In re Mitchell,No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. 2009)..... 11

In re Modikhan 1-19-46591-jmm (Bankr. E.D.N.Y. 2021)......................................9

In re Motors Liquidation Co.,

2013 U.S. Dist. LEXIS 143957, at *12-13 (S.D.N.Y. Sept. 26, 2013)....................  6

Palisades Collection, L.L.C. v. Sadowski, 884 N.Y.S.2d843(N.Y. Dist.Ct. 2009)..17

In re Parades, No. 09-22261, 2009 WL 3571536 (Bankr. S.D.N.Y. 2009)...............9

In re Richmond, 34 B.R 479 (EDNY 2015).............................................................12

In re Santoli, 16-23516 (SHL), (Bankr. S.D.N.Y. Sep. 21, 2021)......................9, 16

In re Svendsen, 34 B.R. 341, 342 (Bankr. D.R.I. 1983)..........................................10

In re W.R. Grace & Co., 346 B.R. 672, 674 (Bankr. D. Del. 2006)...................6, 15

In re Wells, No.08-17639, 2009 WL 1872401 (Bankr. N.D. Ohio 2009)................9

Katchen v. Landy, 382 U.S. 323, 329-30, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)... 14

Lundell, 223 F.3d at 1040…………………………………………………………10

Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. BAP 2000)..............10

Wells Fargo Bank, N.A. v. Inigo, 164 A.D.3d 545, 546, 83 N.Y.S.3d 95………….7

Wells Fargo Bank v. Zolotnitsky,

195 A.D.3d 659, 2021 NY Slip Op. 3482 (N.Y. App. Div. 2nd Dept 2021)...........14

**Statutes and Rules**

11 U.S.C § 501(a)................................................................................................. 6, 9

11 U.S.C § 502………………………………………………………………….. 1, 15

11 U.S.C § 502(b)(1)............................................................................... 2, 6, 10, 15

New York UCC 3-804……………………………………………………………… 1, 13

F.R.B.P 3001(f)................................................................................................. 6, 15

Fed.R.Evid. Rule 1002…………………………………………………………… 8

CVP NY CPLR Rule 4539…………………………………………………….. 8

N.Y. Gen. Oblig. Law § 5-327…………………………………………………… 17

Rev. Stat. § 20.096……………………………………………………………….. 17

N.Y. R. of Ct. § 130-1.1…………………………………………………………… 17

# PRELIMINARY STATEMENT

This brief is submitted on behalf of the appellee Loyce Tamisi herein (the debtor) in opposition to the brief of Appellant Wilmington Savings Fund Society FSB herein (Wilmington). Wilmington appeals from an order of the Bankruptcy Court for the Eastern District of New York of March 22, 2022 decided by Judge Jil Mazer-Marino [Bankr. Dkt.  ECF #105] disallowing and expunging the proof of claim #4 by Wilmington in the debtor's claim registry.

The Court properly found that Wilmington 1) failed to establish it has standing, 2) The newly introduced Lost Note Affidavit herein (LNA) is insufficient, and 3) the LNA couldn't establish Wilmington ever possessed the Note. Therefore the proper treatment was for claim #4 to be disallowed and expunged.

Wilmington cannot show that the court erred because Wilmington did not present any evidence at the hearings or during discovery to overcome the debtor's claim objection and meet its burden to show it holds a valid claim or has standing.

# STATEMENT OF ISSUES

1.  Whether Wilmington was able to meet the requirements to establish standing to enforce their Note or LNA under 11 U.S.C § 502 bankruptcy code and New York UCC 3-804 when the bankruptcy court determined Wilmington had no standing to enforce the claim.

2.  Whether Wilmington provided evidence sufficient to overcome the debtor's claim objection under 11 U.S.C § 502(b)(1) when Wilmington does not possess the original Note and attempted to prove standing through the introduction of a LNA which the Bankruptcy Court found to be insufficient .

3.  Whether the Bankruptcy Court properly expunged Wilmington's claim under 11 U.S. Code § 502(b)(1) when Wilmington appeared in the debtor's bankruptcy and filed a proof of claim.

4.  If Wilmington's appeal is dismissed or the debtor prevails on appeal, is the debtor entitled to an award of their attorneys' fees as the prevailing party?

## STATEMENT OF THE CASE

The following is a detailed account of the background and procedural history of the debtor's bankruptcy case, specifically to the claim objection on appeal here.

The debtor filed a chapter 13 petition on January 22, 2020 in the Eastern District of New York Bankruptcy Court. [Bankr. Dkt. ECF #1]. The debtor listed Wilmington in schedule E/F as a non priority unsecured creditor with their claim as disputed because on January 07, 2020 before filing for her bankruptcy, the debtor via certified mail with the post office sent Wilmington a debt dispute letter (QWR) [Bankr. Dkt.  ECF #82 Exhibit #4] but received no timely response.

On March 4, 2007, DLJ Mortgage Capital Inc ("DLJ") initiated a foreclosure action in Queens County Court index #7326/07 [Bankr. Dkt.  ECF #82 Exhibit 3].

DLJ is a completely different party that claimed to have taken over the debtor's mortgage loan files from the originating lender Argent Mortgage company. 43 days before the debtor's bankruptcy case, in a December 10, 2019 letter, Wilmington claims to have acquired ownership of the debtor's loan from DLJ. This letter is in the debtor's bankruptcy case docket at Exhibit D in [Bankr. Dkt. ECF #30].

Wilmington under penalty of perjury filled a proof of claim on April 1, 2020 [Claim 4-1] amended on April 7, 2020 [Claim 4-2] collectively claim #4 in the debtor's claims registry. In both proofs of claim, Wilmington asserted possession of the original Note and included a copy of the said original Note in their filing.

On June 23, 2021, the debtor filed an objection to Wilmington's claim #4 ("Claim Objection") [Bankr. Dkt. ECF #81], together with supporting evidence [Bankr. Dkt. ECF #82] and a hearing date set for July, 22 2020. The main issue was the remarkable differences in the Note presented by DLJ in the foreclosure and the Note presented by Willmington. The debtor claimed Wilmington did not have standing because their Note was fraudulent. On July 15, 2021, Wilmington filed an opposition response ("Response") [Bankr. Dkt. ECF #85] with no further evidence included to overcome the debtor's claim objection. On July 19, 2021, to emphasize their questionable Note should be resolved, the debtor replied to Wilmington's response ("Reply")[Bankr. Dkt. ECF #87].

At the first hearing on the claim objection held on July 22, 2021.The parties present included the debtor, debtor's counsel Mr. Bloomfield and Wilmington's Counsel Mr. Toole. At this hearing, the court stated the debtor was authorized to object to claims and there were no issues with Rooker-Feldman. The court took notice of the differences in the Notes as an important issue and to overcome that issue, the court directed that the production of the original "wet ink" Note from Wilmington would obviate the standing issues and the debtor's claim the Note is fraudulent. Mr. Toole stated that once he obtained the original mortgage collateral file, he would arrange a date for the debtor to examine the Note. Furthermore, the court requested supplemental information on the issue of the incorrect amounts on claim #4 and adjourned the hearing to October 14, 2021.

Following the court's directive, on October 13, 2021, the debtor filed a supplement to the debtor's claim objection [Bankr. Dkt. ECF #95] including additional evidence that Wilmington made incorrect claim amounts and indicating that the debtor had not yet viewed the original Note as proposed at the first hearing.

The second hearing was held on October 14, 2021. The parties present were the debtor, Mr. Bloomfield and Mr. Toole. Mr. Toole stated that he had the original mortgage loan files ready for the debtor's review. The hearing was adjourned to November 16, 2021 to enable completion of discovery and examination of the original Note at Wilmington's counsel's office. The debtor and Mr. Bloomfield met

with Mr. Toole on October 29, 2021 to examine the original Note but Wilmington did not have the original Note, instead a LNA was presented.

At the third hearing on November 16, 2021. Mr. Bloomfield reported to the court that Wilmington had no original Note therefore their claim should be disallowed. Mr. Toole informed the court there was a LNA and the court ordered for supplemental briefs before a ruling could be made and adjourned to February 17, 2022. This hearing was rescheduled to March 9, 2022.

The debtor filed a brief on February 02, 2022, [Bankr. Dkt. ECF #97] including detailed relevant case law on standing issues supporting the disallowance of claim #4. Wilmington filed a brief on February 28, 2022 [Bankr. Dkt. ECF #98]. Wilmington's brief provided no case law supporting their standing based on their filed proof of claim and admitted that the debtor's brief correctly laid out the case law on standing. Feeling defeated, Wilmington for the first time introduced a LNA in the debtor's bankruptcy case, stating the debtor's brief didn't address the LNA.

The debtor filed an additional brief on March 02, 2022, objecting to the introduction of the Wilmington LNA into the case and to point out issues with the LNA citing case law that showed the LNA, even if it were admitted, is insufficient.

The final hearing on the claim objection was held on March 09, 2022 where the court expunged Wilmington's claim with the order entered on March 22, 2022 [Bankr. Dkt. ECF #105].

## SUMMARY OF ARGUMENT

Correctly filled proofs of claim under 501(a) following F.R.B.P 3001(f) constitutes prima facie evidence that the claim is valid. Wilmington initially enjoyed prima facie evidence that their claim is valid. However, section 502 of the Bankruptcy Code allows any party in interest to object to the claim. The objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the validity claim thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.), 2013 U.S. Dist. LEXIS 143957, at *12-13 (S.D.N.Y. Sept. 26, 2013).

The debtor's claim objection provided evidence that negated Wilmington's presumptive validity, thereby shifting the burden back to Wilmington to prove that under applicable law their claim should be allowed. Wilmington did not have actual possession of the Note, hence Wilmington had no standing. "To determine whether a claim is allowable by law, bankruptcy courts look to "applicable non-bankruptcy law." In re W.R. Grace & Co., 346 B.R. 672, 674 (Bankr. D. Del. 2006). Section 502(b)(1) of the Bankruptcy Code provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement

or applicable law. Consequently, The Court disallowed and expunged Wilmington's claim.

## I.    The Bankruptcy Court Properly Established That Wilmington did Not Have Standing For Failing To Provide By A Preponderance Of Evidence Sufficient To Overcome The Debtor's Claim Objection.

"New York law is clear that in order to have standing to file a proof of claim, or to foreclose on a mortgage, the holder of the Note endorsed in blank must offer competent proof that it possesses the Note." In re Benyamin, 587 B.R. 243, 244 (Bankr. S.D.N.Y. 2018); In re CondeDedonato, 391 B.R. 247 (Bankr. E.D.N.Y. 2008). Therefore, Wilmington would have an allowed claim if it was the holder entitled to enforce the Note, but if Wilmington lacked standing to enforce the Note, its claim would be disallowed and expunged. Wilmington several times claimed to have physical possession of the Note until the debtor, in her claim objection, challenged Wilmington's standing based on the validity of the Note presented. Where, as here, the debtor raises standing in issue, the plaintiff must prove standing in order to be entitled to relief Wells Fargo Bank, N.A. v. Inigo, 164 A.D.3d 545, 546, 83 N.Y.S.3d 95.

If the Note is endorsed to the plaintiff, but the endorsement is undated, "the purported holder of the Note must establish its standing by demonstrating that the original Note was physically delivered to it prior to the commencement of the action" (Bank of N.Y. Mellon v. Selig,165 A.D.3d at 874, 86 N.Y.S.3d 543; see Deutsche

Bank Natl. Trust Co. v. Brewton,142 A.D.3d 683, 685, 37 N.Y.S.3d 25 ) In Wells Fargo Bank, N.A. v. Meisels, 177 A.D.3d 812, 814 (N.Y. App. Div. 2019).

The original payee of the Note is Argent Mortgage. Wilmington is not the original holder of the Note, and to establish its standing as an assignee, Wilmington under New York law has to provide proof of an assignment, or demonstrating that it has physical possession of the Note endorsed in blank. In re Conde–Dedonato, 391 B.R. 247, 250. The issue here is not a tight timeline of case filing, loan transfer and claim filing like Wilmington claims but rather Wilmington failed to produce the original Note or demonstrate the delivery of the Note and therefore lacks authentic proof to enforce the Note. Moreover, Wilmington's copy of the Note seemed to be inauthentic and therefore the assignment may also be invalid.

In accordance with Rule 1002, Fed.R.Evid. "best evidence rule," a party seeking to prove the disputed contents of a mortgage Note, such as it's validity or the amount owed, must produce the original document because it is the "best evidence" of the terms of the Note itself. CVP NY CPLR Rule 4539 permits admissions of reproductions of the original Note, such as copies or electronic scans as long as those copies were made in the ordinary course of business and are an exact reflection of the original.  However, if a defendant in the action, in this case the debtor, were to challenge the authenticity of the copy, the court may order the  lender to produce the original Note to prove its standing. If the lender cannot produce the

original, there is a chance the case will be dismissed for lack of standing to sue <u>In re</u> <u>Abbott</u>, 2010 WL 1780059 (Bankr. S.D.N.Y. 2010).

The debtor challenged Wilmington's standing based on the questionable authenticity of the Note it presented (because the various copies presented were not exactly the same). The Bankruptcy court in order to obviate issues as to standing directed for the review of the original "wet ink" Note for inspection because, under New York law, a secured creditor has standing to enforce a Note if it has possession of the Note endorsed in blank <u>In re Modikhan</u> 1-19-46591-jmm (Bankr. E.D.N.Y. 2021). Although Willmington had agreed to produce the original Note, it was unable to show an original Note during discovery.

Wilmington therefore failed to prove that it was the holder or assignee of a valid Note nor did they demonstrate that the original Note was physically delivered to them. Where claimants' have failed to produce original documentation, such as in this case, bankruptcy courts have disallowed and expunged their claims. <u>In re</u> <u>Santoli</u>, 16-23516 (SHL), (Bankr. S.D.N.Y. 2021); <u>In re Parades</u>, No. 09-22261, 2009 WL 3571536 (Bankr. S.D.N.Y. 2009); <u>In re Mins</u>, 438 B.R. 52, 56 (Bankr. E.D.N.Y. 2010); <u>In re Wells</u>, No.08-17639, 2009 WL 1872401 (Bankr. N.D. Ohio 2009). The Court therefore properly concluded Wilmington did not have standing under bankruptcy or non bankruptcy law.

Section 501(a) of the Bankruptcy Code provides that "a creditor may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. If a claimant properly files a proof of claim pursuant to 11 U.S.C. § 501, the court allows the claim and the proof of claim constitutes prima facie evidence of the claim. If a claimant fails to establish facts or meet the conditions necessary to support the claim, there is no prima facie validity of the claim In re Svendsen, 34 B.R. 341, 342 (Bankr. D.R.I. 1983) and on objection, the claim may be disallowed.

Section 502(a) of the bankruptcy code provides that a claim or interest, proof of which is filed with the court, "is deemed allowed," unless a party in interest objects. "To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim's legal sufficiency under applicable law." Lundell, 223 F.3d at 1040 (quoting 22 In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)); Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. BAP 2000); In re Minbatiwalla, 424 B.R. 104, 111-12 (Bankr. S.D.N.Y. 2010);

By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law, the claim should be allowed." In re Henry, 546 B.R. 633, 634 (Bankr. E.D. Pa. 2016) quoting In re Allegheny Int'l, Inc., 954; In re Lehman Bros. Holdings Inc., 519 B.R.

47, 53 (Bankr. S.D.N.Y. 2014) quoting In re Arcapita Bank B.S.C.(c), 508 B.R. 814, 817 (S.D.N.Y. 2014). Here, the debtor's claim objection did not only claim that Wilmington's Note was invalid but also introduced evidence in form of a Note previously submitted in a foreclosure action by DLJ, that was vastly different from the Wilmington Note, raising questions on the authenticity of their Note. The debtor further provided evidence that the amounts included in the claim did not match amounts in the original mortgage terms and statements. Thereby negating Wilmington's claim and shifting the burden back to Wilmington to prove their claim validity. Wilmington had no explanation for the difference in the Notes.

Wilmington's response to the debtor's claim objection did not include information about a LNA, but insisted on possession of the Note [see par.18 of Bankr. Dkt. ECF #85]. However, Wilmington failed to provide an original Note and instead produced the LNA submitted for the first time with Wilmington's brief [Bankr. Dkt. ECF #98]. Although the LNA was newly introduced, it was determined to be insufficient and could not prove standing. Under the circumstances, therefore, Wilmington failed to establish by a preponderance of the evidence that it is entitled to enforce the Note, and claim #4 was disallowed and expunged. In re Mitchell, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. 2009); In re Kemp, 440 B.R. 624 (Bankr. D.N.J. 2010)

Wilmington's claim that the Rooker-Feldman doctrine applies to the debtor's claim objection is baseless because 1) The debtor is not trying to overturn any state court judgment, 2) The parties involved are different, 3) The claim disallowance has no effect nor will it reverse or modify the state court judgment hence the Rooker-Feldman doctrine does not apply. The introduction of the DLJ Foreclosure summons was for the court to take judicial notice of the Note used by DLJ in the foreclosure action and introduce evidence to support the debtor's claim objection.

Wilmington advances a new argument in this appeal claiming to be the successor of the DLJ judgment and citing In re Richmond, 34 B.R 479 (EDNY 2015) as support. A review of In re Richmond 472 does not support this new argument position by Wilmington nor discuss any foreclosure. Furthermore, the creditor In re Richmond presented an original Note for examination. Therefore this argument is without merit.

Standing requirements in New York foreclosure cases are well established. The plaintiff has standing where it is the owner or holder of both the mortgage and Note at the inception of the action. If the plaintiff does not hold the Note or can not establish that it is the person entitled to enforce the Note, then the plaintiff has no standing. Wilmington, by filing a proof of claim, is subject to the dominion of the bankruptcy court and must abide by the consequences when the debtor objected to their claim. Wilmington's argument that a foreclosure judgment is determinative of

standing is without merit. The court observed that standing at one point in time is not determinative of standing at another point in time (March 9 Transcript – pg. 8, 24- 25 and pg. 9, 1- 7). (citations omitted). Thus when Wilmington's standing was questioned, it was determined that Wilmington had no standing.

## II. The Bankruptcy Court Afforded Wilmington Every Opportunity Of Due Process And Properly Determined That The Lost Note Affidavit Introduced By Wilmington Was Insufficient And Did Not Meet Or Satisfy The Requirements Of NY U.C.C 3-804.

Originally in their proof of claim filed under oath and penalty of perjury, Wilmington claimed possession of the original Note. After it was discovered that Wilmington did not actually possess any original Note, Wilmington, 2 years and 1 month after the filing of the debtor's bankruptcy case, for the first time introduced a LNA. Although the debtor objected to the introduction of the LNA, the Bankruptcy court still considered the LNA and determined the affidavit failed to sufficiently establish Wilmington's ownership of the Note, and insufficient to prove standing.

UCC 3-804 provides a method of recovery for instruments that are lost, destroyed, or stolen, and the plaintiff is required to submit "due proof of ownership, the facts that prevent production of the note, and its terms. (Deutsche Bank Natl. Trust Co. v. Anderson, 161 A.D.3d 1043, 1044, 79 N.Y.S.3d 42, quoting UCC 3–804). Merely stating that the plaintiff or its servicing agent simply could not locate

the note is insufficient to establish the lender's prima facie case for an entitlement to foreclose. Thus, absent a genuine issue with the sufficiency of a lost note affidavit or copy of the note, a lender may maintain its action to foreclosure and sale. [See generally <u>Bell Atlantic v. Havana Rio Enterprises Inc.</u>, 710 N.Y.S. 2d 751 (Civ. Ct. New York Ct. 2000).

The New York Appellate Division outlines the standard for Lost Note Affidavit in <u>Wells Fargo Bank v. Zolotnitsky</u>, 195 A.D.3d 659, 2021 NY Slip Op. 3482 (N.Y. App. Div. 2nd Dept 2021). In this case, the Appellate division held that the assignee failed to establish ownership of the promissory note. The Court found that the affidavit "failed to establish when the note was acquired and failed to provide sufficient facts as to when the search for the note occurred, who conducted the search, and how or when it was lost. Was an assignment without a Note valid?

While the Wilmington brief quoted this case law, the LNA in this case also involved a LNA by Wilmington which is very similar to the LNA presented here. The Wilmington Lost Note Affidavit presented here fails to establish when the note was acquired, contradicts and does not clearly state who and how the note was lost.. Thus pursuant to U.C.C. §3-804 Wilmington failed to prove ownership of the original note and did not demonstrate the Note was lost. Consequently, even though they defended their claim, it was determined Wilmington has no standing.

**III.    The Bankruptcy Court Properly Disallowed Wilmington's Claim Under Bankruptcy Code 502(b)(1).**

The "allowance or disallowance of a claim in bankruptcy is a matter of federal law that is left to the bankruptcy court's exclusive exercise of its equitable powers." In re Devey , 590 B.R. 706, 716 (Bankr. D.S.C. 2018) (citing Katchen v. Landy , 382 U.S. 323, 329-30, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) ); Canal Corp. v. Finnman , 960 F.2d 396, 404 (4th Cir. 1992). Consequently, "A creditor who offers his proof of claim, and demands its allowance, subjects himself to the dominion of the court and must abide by the consequences." Wiswall v. Campbell , 93 U.S. 347, 351, 23 L.Ed. 923 (1876) ). Wilmington, by filing a proof of claim in this case, subjects itself to the jurisdiction of the Bankruptcy court.

As already discussed, under the Bankruptcy Code, a proof of claim is deemed allowed unless an objection is filed 11 U.S.C. § 502(a). If an objection to a claim is made, the Court, after notice and a hearing, shall determine the amount of the claim as of the date of the petition, and shall allow such claim in that amount, unless the claim is disallowed under exceptions listed in the Bankruptcy Code, including disallowance because a "claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." See 11 U.S.C. § 502(b) (1). In conjunction with 11 U.S.C. § 502, " Rule 3001 of the Federal Rules of Bankruptcy Procedure governs the form and content of a proof of claim filed by a creditor." In re Devey, 590 B.R. at 718. If a creditor files a claim in accordance with the

requirements of Rule 3001, the claim "constitutes prima facie evidence of the validity and amount of the claim." Id. (citing Fed. R. Bankr. P. 3001(f) ). On objection, Bankruptcy courts look to "applicable non-bankruptcy law" to determine whether a claim is allowable by law. In re W.R. Grace & Co., 346.

The Courts have not hesitated to sustain objections to claims where, as in this present case, the claimant has not demonstrated standing. In re Santoli, 16-23516 (SHL), (Bankr. S.D.N.Y. Sep. 21, 2021); In re Jones, 2008 WL 4539486, at *5 (Bankr. D. Mass. Oct. 3, 2008); In re Hayes, 393 B.R. 259, 270 (Bankr. D. Mass. 2008) (order entered sustaining objection to proof of claim where bank failed to demonstrate standing, either by showing that it held Note or mortgage or that it serviced loan); In re Maisel, 378 B.R. 19, 22 (Bankr. D. Mass. 2007) (bank filing lift-stay motion must demonstrate standing). As discussed, Wilmington failed to demonstrate standing to enforce the mortgage Note either by showing it held the Note or that the LNA presented in lieu of was sufficient. The court therefore properly disallowed and expunged claim #4.

As discussed above, Wilmington initially enjoyed prima facie validity on their claim until the debtor objected to Wilmington's lack of standing based on the submission of a fraudulent Note and incorrect amounts on their claim. The primary issue was the authenticity of the Note and although given the chance to produce the original Note for examination, Wilmington did not prove physical possession of the

Note. Claims without promissory Notes are unenforceable against the debtor so such claims are disallowed and expunged.

Wilmington was given a chance to prove their standing by introduction of a LNA but the LNA was insufficient and could not prove Wilmington had standing or that the previous lender even ever held the Note. In New York, if there is no documentation to prove ownership, or an insufficient LNA, then there may be a potential deficiency in the lender's ability to foreclose. Therefore, under these conditions, Wilmington is unable to enforce their claim under bankruptcy or non bankruptcy law and therefore, the Bankruptcy court then properly applied section 502(b)(1) of the bankruptcy code disallowing and expunging Wilmington's claim #4 for all purposes including as a secured claim.

## IV. The Debtor Is Entitled To Attorney Fees If She Prevails

The debtor is entitled to attorney fees under N.Y. Gen. Oblig. Law § 5-327 (McKinney); Or. Rev. Stat. § 20.096 that have enacted statutes that provide for reciprocal attorney fees. If a credit agreement provides attorney fees for a prevailing creditor, then, under a reciprocal fee statute, a prevailing consumer has the right to recover fees. Seeking Fees Where the Collector's Claims Are Groundless N.Y. R. of Ct. § 130-1.1: attorney fees for claims that are completely without merit in law or that assert material factual statements that are false. Erin Servs. Co. v. Bohnet, 907 N.Y.S.2d 100 (N.Y. Dist. Ct. 2010); Palisades Collection, L.L.C. v. Sadowski, 884

N.Y.S.2d 843 (N.Y. Dist. Ct. 2009); <u>Worldwide Asset Purchasing, L.L.C. v. Akrofi</u>, 884 N.Y.S.2d 631 (N.Y. Civ. Ct. 2009).

## CONCLUSION

The standing requirements are in place for a reason. Any claim must be tangible and follow the required elements and law. The facts in this case are straight forward. Wilmington first presented its claim purporting to hold the original Note. The debtor objected, questioning the authenticity and validity of the Note presented. Wilmington, despite being given a chance to, failed to prove that it had standing either through possession of a valid Note or a sufficient LNA.  Thus, the court concluded that Wilmington failed to satisfy its standing requirement and expunged its claim.

For the foregoing reasons, Wilmington's appeal should be dismissed and the bankruptcy order that is subject of this appeal should be affirmed.

Dated:  Forest Hills, New York
        September 19, 2022

Respectfully,

 /s/ Allan R. Bloomfield
Allan R. Bloomfield
Attorney for Appellee
118-21 Queens Blvd., #617
Forest Hills, New York 11375
(718) 544-0500
allan@bloomfieldlaw.com