UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Wilmington Savings Fund Society, FSB,

                              Appellant,                    **MEMORANDUM & ORDER**
                                                           22-CV-01982 (DG)

        -against-

Loyce Tamisi,

                              Appellee.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        Appellant Wilmington Savings Fund Society, FSB ("Wilmington") appeals from the

March 22, 2022 Order of the United States Bankruptcy Court for the Eastern District of New

York (the "Bankruptcy Court"), which Order expunged Wilmington's April 2020 claim from the

claims register in Appellee Loyce Tamisi's Chapter 13 bankruptcy proceeding.  *See* Notice of

Appeal from Bankruptcy Court, ECF No. 1; Wilmington's Brief ("Wilmington Br."), ECF No. 9;

Wilmington's Reply Brief ("Wilmington Reply"), ECF No. 11.  Appellee Loyce Tamisi

("Tamisi") opposes the appeal.  *See* Tamisi's Brief ("Tamisi Br."), ECF No. 10.  For the reasons

set forth below, the March 22, 2022 Order, *see* ECF No. 1-1 at 20, is affirmed.

## BACKGROUND[1]

### I.      The 2020 Bankruptcy Petition and Wilmington's Proof of Claim

        On January 22, 2020, Tamisi filed a voluntary petition for Chapter 13 bankruptcy in the

---

[1]  Familiarity with the factual background and history of proceedings before the Bankruptcy
Court is assumed.  The summary here is taken from the parties' briefing before this Court and
from the record on appeal, including the transcript of the March 9, 2022 hearing before the
Bankruptcy Court, ECF No. 3 at 26-45, and briefing in the Bankruptcy Court on Tamisi's
motion to disallow and expunge Wilmington's proof of claim, ECF Nos. 2 at 77-86; 2-3 at 72-
83; 2-5 at 42-52, 69-91.  In citing to the record on appeal, the Court refers to the page
numbers generated by the Court's electronic case filing system ("ECF") unless otherwise
noted.

Bankruptcy Court.  Wilmington thereafter filed a proof of claim, asserting a claim for $1,047,647.63 secured by a mortgage on a property on Pinson Street in Queens.[2]  Wilmington attached to its proof of claim a copy of a promissory note and mortgage signed by Tamisi.  Wilmington also attached to its proof of claim a mortgage assignment from the original lender, Argent Mortgage Company, LLC ("Argent"), to DLJ Mortgage Capital, Inc. ("DLJ") dated August 17, 2006, and a mortgage assignment from DLJ to Wilmington dated January 31, 2020.

Tamisi moved to disallow and expunge Wilmington's proof of claim.  In her motion, Tamisi, *inter alia*, questioned the authenticity of the note attached to the proof of claim and argued that Wilmington did not have standing.[3]

Hearings thereafter were held in the Bankruptcy Court and the parties agreed to engage in discovery.  Tamisi requested that Wilmington produce the collateral file so that the note could be inspected.  Ultimately, Wilmington was not able to produce the original note.  Instead, Wilmington produced a lost note affidavit by a Vice President of DLJ, signed on January 13, 2021 (the "Lost Note Affidavit").

In relevant part, the Lost Note Affidavit stated that DLJ "has been unable to locate the original note and believes that said original note has either been lost, misfiled, misplaced or destroyed," and that "the records of [DLJ] do not show that such note was ever released, paid off, satisfied, assigned, transferred, pledged, hypothecated or otherwise disposed of and that such original note has been either lost, mislaid, misfiled or destroyed."  *See* ECF No. 2-5 at 93.

---

[2]  Wilmington filed its proof of claim on April 1, 2020 and filed an amended proof of claim on April 7, 2020.

[3]  Tamisi filed her objection to the proof of claim on June 23, 2021 and filed a supplement to the objection on October 13, 2021.

## II.     The Bankruptcy Court's March 9, 2022 Oral Ruling and March 22, 2022 Order

On March 9, 2022, the Bankruptcy Court held a hearing with respect to Tamisi's objection to Wilmington's proof of claim.  *See generally* March 9, 2022 Transcript ("March 9, 2022 Tr."), ECF No. 3 at 26-45.[4]  After hearing from the parties, the Bankruptcy Court read into the record its decision granting Tamisi's motion and disallowing and expunging Wilmington's claim.

In rendering its ruling, the Bankruptcy Court discussed various legal principles relevant to the motion.  *See* March 9, 2022 Tr. at 7-10.  The Bankruptcy Court noted, *inter alia*, that under New York law, for an assignee to establish standing to enforce a note, the assignee must provide proof of assignment of the note to the assignee or must demonstrate that the note has been endorsed in blank and that the assignee has physical possession of the note, *see* March 9, 2022 Tr. at 8; that "[s]tanding is determined when a party seeks to enforce its rights" and "[s]tanding at one point in time is not determinative of standing at another point in time," *see* March 9, 2022 Tr. at 8-9; and that although a lost note affidavit is a common tool for the owner of a lost note to establish ownership, "a boilerplate lost note affidavit that is devoid of facts as to what actually happened to the note is insufficient to establish ownership," *see* March 9, 2022 Tr. at 10.

The Bankruptcy Court noted that Wilmington had not produced the original note or an assignment of the note.  *See* March 9, 2022 Tr. at 9.  The Bankruptcy Court therefore analyzed the sufficiency of the Lost Note Affidavit to establish Wilmington's standing.  *See* March 9, 2022 Tr. at 10-12.  After referencing the portions of the Lost Note Affidavit quoted above, *see* March 9, 2022 Tr. at 7, the Bankruptcy Court noted that the Lost Note Affidavit "says nothing

---

[4]   Citations to the March 9, 2022 Transcript are to that document's internal pagination.

about when DLJ acquired the note, who searched for the note, or how and when the note was lost," *see* March 9, 2022 Tr. at 10. The Bankruptcy Court further noted that "based on the lost note affidavit, creditor cannot even establish that DLJ ever received the note from the original mortgagee, which is Argent." *See* March 9, 2022 Tr. at 11.[5] The Bankruptcy Court concluded that Wilmington had "failed to establish it has standing to file the proof of claim because the lost note affidavit in this case is insufficient and doesn't include the facts necessary to establish that the creditor actually had the note." *See* March 9, 2022 Tr. at 11-12. The Bankruptcy Court also noted that "the fact that a mortgagee was able to establish standing in a foreclosure action does not necessarily mean that the creditor has standing to file a proof of claim in a bankruptcy case filed after entry of the judgment of foreclosure in the foreclosure action." *See* March 9, 2022 Tr. at 9.[6]

The Bankruptcy Court noted that its reading of its decision into the record was not the final order; that the Bankruptcy Court had directed Tamisi's counsel to submit an order; and that the time to appeal would begin to run when the order granting Tamisi's motion was entered on the docket. *See* March 9, 2022 Tr. at 18. On March 22, 2022, the Bankruptcy Court issued the written Order expunging Wilmington's claim, which Order is the subject of the instant appeal. *See* ECF No. 1-1 at 20.

---

[5]  The Bankruptcy Court further stated: "[T]he lost note affidavit is dated almost a year after the date of the mortgage assignment from DLJ to Wilmington and many months after Wilmington filed the proof of claim which has copies of the promissory note, and from which I think one is supposed to infer as meaning that the filer had the original note in its possession." *See* March 9, 2022 Tr. at 6-7.

[6]  The Bankruptcy Court's reference to a foreclosure action and judgment of foreclosure was an evident reference to DLJ's foreclosure action with respect to the property at issue, which action commenced in 2007, and to the ensuing judgment of foreclosure, which was entered in 2018.

III.    **The Instant Appeal**

On April 7, 2022, Wilmington filed its Notice of Appeal from the March 22, 2022 Order. *See* ECF No. 1.  The parties thereafter filed their appellate briefs.  *See* ECF Nos. 9, 10, 11. Briefing closed on October 3, 2022, with the filing of Wilmington's reply brief.  *See* ECF No. 11.

On March 8, 2023, the Court held oral argument on the appeal.  *See* March 8, 2023 Oral Argument Transcript ("March 8, 2023 Tr.").

STANDARD OF REVIEW

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.  *See* 28 U.S.C. § 158(a)(1).  "Courts have frequently concluded that Bankruptcy Court orders expunging claims are final orders for purposes of appeal."  *See In re Lehman Bros. Holdings Inc.*, 566 B.R. 353, 359 (S.D.N.Y. 2017) (collecting cases).  The March 22, 2022 Order expunging Wilmington's claim is a final order for purposes of appeal.  *See, e.g.*, *id.*

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *In re Lorick*, 634 B.R. 220, 223 (E.D.N.Y. 2021) (quoting *In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570, 581 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 830 F. App'x 669 (2d Cir. 2020)). A district court reviews the bankruptcy court's findings of fact for clear error and legal conclusions *de novo*.  *See id.* (citing *In re Belmonte*, 931 F.3d 147, 152 (2d Cir. 2019)).  A district court reviews mixed questions of law and fact *de novo*.  *See In re Hirsch*, 339 B.R. 18, 24 (E.D.N.Y. 2006) (citing *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003)).  "With respect to a bankruptcy court's factual findings, clear error exists only when a reviewing court is 'left with

5

the definite and firm conviction that a mistake has been committed.'" *In re Zubair*, No. 20-CV-08829, 2021 WL 4974811, at *5 (S.D.N.Y. Oct. 26, 2021) (quoting *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990)).

## DISCUSSION

On appeal, Wilmington argues that the Bankruptcy Court erred in expunging Wilmington's claim for lack of standing. Wilmington asserts, *inter alia*, that the Lost Note Affidavit made clear that the original note was part of the transfer from Argent to DLJ and had to have been lost while DLJ had ownership; that the note was endorsed in blank to DLJ and DLJ conveyed its rights and interest under the note and the mortgage to Wilmington as evidenced by the January 31, 2020 assignment of mortgage; and that a challenge to Wilmington's standing was precluded by DLJ's prior foreclosure action and judgment of foreclosure, including on the basis of the *Rooker-Feldman* doctrine. *See generally* Wilmington Br.; *see also generally* March 8, 2023 Tr.

In opposing the appeal, Tamisi argues that Wilmington failed to prove that it had standing through possession of the original note, despite being given several opportunities to do so; that the Bankruptcy Court correctly determined that the Lost Note Affidavit was insufficient to establish that Wilmington had standing or that DLJ even ever held the note; that the *Rooker-Feldman* doctrine does not apply here; and that the foreclosure judgment is not determinative of Wilmington's standing. *See generally* Tamisi Br.

As set forth below, the Bankruptcy Court properly expunged Wilmington's claim for lack of standing.

## I.    Applicable Law

Federal Rule of Bankruptcy Procedure 3001 sets forth, *inter alia*, who may execute a

proof of claim and what information and documentation the proof of claim must include.  *See*

Fed. R. Bankr. P. 3001.  "To file a proof of claim, a claimant must be a real party in interest,

which means that the claimant is a creditor or the creditor's authorized agent."  *In re Modikhan*,

No. 19-46591, 2021 WL 5312396, at *15 (Bankr. E.D.N.Y. Nov. 15, 2021) (quotation marks

omitted).[7]

      With respect to a mortgage-based proof of claim, the real party in interest is "the party

entitled to enforce the note and its accompanying mortgage."  *See id.* (quotation marks omitted);

*see also In re Carssow-Franklin*, 213 F. Supp. 3d 577, 592 (S.D.N.Y. 2016).  "Within the

context of a bankruptcy proceeding, state law governs the determination of property rights."  *See*

*In re Mims*, 438 B.R. 52, 56 (Bankr. S.D.N.Y. 2010).  Under New York law, "the holder of the

note is the party with standing to enforce the note and the mortgage."  *See In re Modikhan*, 2021

WL 5312396, at *15; *see also In re Richmond*, 534 B.R. 479, 484 (Bankr. E.D.N.Y. 2015), *aff'd*

*sub nom. Richmond v. Select Portfolio Servicing Inc.*, No. 15-CV-04980, 2016 WL 743397

(E.D.N.Y. Feb. 22, 2016).  Where an assignee seeks to establish standing as the holder of the

note, "the assignee must provide proof of assignment of the note to the assignee or must

demonstrate that the note has been endorsed in blank and that the assignee has physical

---

[7]  A claim, proof of which is filed under 11 U.S.C. § 501, is deemed allowed unless a party in interest objects.  *See* 11 U.S.C. § 502(a).  A proof of claim that is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure shall constitute *prima facie* evidence of the validity and amount of the claim.  *See* Fed. R. Bankr. P. 3001(f).  An objecting party bears the initial burden of coming forward with evidence sufficient to overcome the presumption of the validity of the claim; if that is done, the burden shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence.  *See In re Regino*, 585 B.R. 322, 326 (Bankr. E.D.N.Y. 2018); *see also In re Cross Island Plaza, Inc.*, No. 12-42491, 2015 WL 4610382, at *13 (Bankr. E.D.N.Y. July 30, 2015).  Here, the parties do not take issue with the procedure applied by the Bankruptcy Court, including with respect to the issue of burden.  *See* March 8, 2023 Tr. at 20-21; *see also generally* Wilmington Br.; Tamisi Br.

possession of the note." *See In re Benyamin*, 596 B.R. 789, 794 (Bankr. S.D.N.Y. 2019), *aff'd*, No. 19-CV-01907, 2020 WL 2832815 (S.D.N.Y. June 1, 2020); *see also In re Richmond*, 534 B.R. at 484 (noting that a party, "when not the original lender, may establish standing to foreclose under New York law by showing either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action" (quotation marks omitted)).

  With respect to notes that have been lost, New York's Uniform Commercial Code in relevant part provides that "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms." *See* N.Y. U.C.C. 3-804. Accordingly, "[p]ursuant to UCC 3-804, the owner of a lost note may maintain an action upon due proof of [1] his or her ownership, [2] the facts which prevent his or her production of the instrument and [3] its terms." *See Christiana Tr. v. Moneta*, 186 A.D.3d 1604, 1606 (2d Dep't 2020) (alterations accepted) (quotation marks omitted); *see also Wells Fargo Bank N.A. v. Zolotnitsky*, 195 A.D.3d 659, 661 (2d Dep't 2021); *Deutsche Bank Nat'l Tr. Co. v. Anderson*, 161 A.D.3d 1043, 1044-45 (2d Dep't 2018); *U.S. Bank Nat'l Ass'n v. Cope*, 175 A.D.3d 527, 529 (2d Dep't 2019) ("The party seeking to enforce a lost instrument is required to 'account for its absence.'" (quoting N.Y. U.C.C. 3-804, Official Comment)).

## II. The Bankruptcy Court Properly Expunged Wilmington's Claim for Lack of Standing

  The Bankruptcy Court properly expunged Wilmington's claim because Wilmington failed to establish standing to file its proof of claim. To establish standing, Wilmington, as an assignee, was required to provide proof of assignment of the note to Wilmington or demonstrate

that the note had been endorsed in blank and that Wilmington had physical possession of the note.  *See In re Benyamin*, 596 B.R. at 794.  Here, Wilmington asserts that Argent transferred the note to DLJ by way of endorsement in blank.  *See, e.g.*, Wilmington Br. at 6, 9; *see also* March 8, 2023 Tr. at 6.  Wilmington further asserts that DLJ transferred its rights and interest under the note to Wilmington as evidenced by the January 31, 2020 assignment of mortgage.  *See, e.g.*, Wilmington Br. at 9.  Under these circumstances, Wilmington was required to show that DLJ physically possessed the note such that DLJ had a legal interest to assign to Wilmington.  *See In re Cornerstone Homes, Inc.*, 544 B.R. 492, 506 (Bankr. W.D.N.Y. 2015) (collecting cases where an assignment failed because the assignor never received legal rights in the underlying note prior to attempting to assign the interest), *aff'd sub nom. Arnold v. First Citizens Nat'l Bank*, 217 F. Supp. 3d 696 (W.D.N.Y. 2016), *aff'd*, 693 F. App'x 62 (2d Cir. 2017); *see also Wilmington Sav. Fund Soc'y, FSB v. Matamoro*, 200 A.D.3d 79, 92 (2d Dep't 2021).

As the Bankruptcy Court properly concluded, the Lost Note Affidavit was insufficient to establish that DLJ ever possessed the note.  *See* March 9, 2022 Tr. at 11.  The Lost Note Affidavit did not provide details as to DLJ's acquisition of the note from Argent, DLJ's eventual misplacement or loss of the note (if DLJ ever acquired the note), or the search process DLJ used to try to find the note.  *See* ECF No. 2-5 at 93-94.  New York courts have found affidavits with similar deficiencies insufficient to establish standing.  *See, e.g.*, *Christiana Tr.*, 186 A.D.3d at 1606 (finding that lost note affidavit "failed to establish the facts that prevented the plaintiff from producing the original note"); *Wells Fargo Bank, N.A.*, 195 A.D.3d at 661 (finding that lost note affidavit "failed to sufficiently establish [assignor's] ownership of the note, as it failed to establish when the note was acquired and failed to provide sufficient facts as to when the search for the note occurred, who conducted the search, or how or when the note was lost" (quotation

marks omitted)); *Deutsche Bank Nat'l Tr. Co.*, 161 A.D.3d at 1044-45 (finding that lost note affidavit that contained "vague and conclusory statements" and did not "provide sufficient facts as to when the search for the note occurred, who conducted the search, the steps taken in the search for the note, or when or how the note was lost" failed to sufficiently establish plaintiff's ownership of the note).

Wilmington's arguments on appeal lack merit.  With respect to the sufficiency of the Lost Note Affidavit, Wilmington asserts that "the only fact to be deduced is that the loss [of the note] occurred during DLJ's ownership" and that "the loss is clearly shown by the [Lost Note Affidavit] as it states that there was no sale, transfer, pay-off, release or other disposition of the note while the Mortgage Loan was owned by DLJ."  *See* Wilmington Br. at 11; *see also* Wilmington Br. at 11 (arguing that the Lost Note Affidavit establishes that DLJ had received the note from Argent and that the absence of an earlier lost note affidavit supports this fact); March 8, 2023 Tr. at 6 (counsel for Wilmington asserting that the transfer of the note from Argent to DLJ was by endorsement in blank).  However, it does not necessarily follow from the language of the Lost Note Affidavit on which Wilmington relies that DLJ must have possessed the note, and the absence of an earlier lost note affidavit is not dispositive on the facts of this case.  The Bankruptcy Court's conclusion that the Lost Note Affidavit was insufficient to establish Wilmington's standing to file its proof of claim was proper.

Wilmington's arguments regarding DLJ's foreclosure action also lack merit.  As an initial matter, and as the Bankruptcy Court properly recognized, standing at one point in time does not determine standing at another point in time.  Thus, DLJ's standing in the earlier foreclosure action did not determine Wilmington's standing to file its proof of claim in the Bankruptcy Court.  *See, e.g.*, *PNMAC Mortg. Co. v. Friedman*, 189 A.D.3d 1289, 1292 (2d Dep't 2020)

(holding that standing in an earlier foreclosure proceeding was not determinative of standing in a later foreclosure proceeding because, "[i]n the prior action, the issue was whether the plaintiff was the holder of the note at the time that action was commenced, while in the present action, the issue is whether the plaintiff was the holder of the note at the time this action was commenced"); *see also In re Densmore*, 445 B.R. 307, 312 (Bankr. D. Vt. 2011) ("[T]he seminal date for analysis and allowance of a proof of claim, including the question of standing, is the date the bankruptcy case was commenced.").  Further, Wilmington's arguments about the foreclosure judgment are unsupported by case law and are unavailing, particularly in light of the well-established law set forth above with respect to the requirements for establishing standing in this context.  Moreover, the *Rooker-Feldman* doctrine does not apply here, where the Bankruptcy Court did not exercise jurisdiction in a way that would result in reversal or modification of any state court judgment.  *See In re Modikhan*, 2021 WL 5312396, at *15 (concluding that the *Rooker-Feldman* doctrine did not deprive the court of subject matter jurisdiction over debtor's objections to proofs of claim because such objections did not require the court to review the state court judgments).

In sum, the Bankruptcy Court properly concluded that Wilmington failed to establish its standing to file its proof of claim and the Bankruptcy Court properly expunged Wilmington's claim.[8]

---

[8]  Tamisi asserts that she is entitled to attorney fees if she prevails on appeal.  *See* Tamisi Br. at 17-18.  Wilmington objects on procedural grounds to the request for attorney fees.  *See generally* Wilmington Reply.  The request for attorney fees is denied.  *See* Fed. R. Bankr. P. 8020(a).

**CONCLUSION**

For the reasons set forth above, the Bankruptcy Court's March 22, 2022 Order is

AFFIRMED.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated:  March 17, 2023
        Brooklyn, New York

12